UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM JOSEPH BAILEY,

        Plaintiff,

v.

L. PAUL BAILEY, et al.,

        Defendants.
_____/

Case No. 1:21-cv-76

Honorable Janet T. Neff

**OPINION**

This is a civil rights action brought by a county inmate[1] under 42 U.S.C. § 1983.[2] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] At the time Plaintiff Bailey filed the complaint, he was detained in a county jail. He has since been moved to a state prison. (*See* ECF No. 6.)

[2] The complaint is purportedly brought on the behalf of three individuals. Of the three individuals named as plaintiffs in the caption of the complaint, only Plaintiff William Joseph Bailey signed the complaint. Plaintiff Bailey is also the only individual who has filed documents to request leave to proceed *in forma pauperis*, and he is the only individual who has sent documents to the Court in this action. Under the federal rules, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Furthermore, except for self-representation, no person may bring an action in this court unless that person is a member of the bar. W.D. Mich. LCiv R 83.1(i); *see also Theriault v. Silber*, 579 F.2d 302 n.1 (5th Cir. 1978). Plaintiff Bailey is not a member of the bar, and he may not bring an action on behalf of other individuals. Moreover, Plaintiff Bailey lacks standing to assert the constitutional rights of other prisoners. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. April 17, 1996). Thus, because Justin Wayne Miller and Tyler James-Lewis Adams have not signed the complaint, and Plaintiff Bailey may not represent them, the Court does not consider Messrs. Miller and Adams as plaintiffs in this action.

relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. At the time he filed his complaint, he was detained in the Berrien County Jail in Berrien County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following Berrien County Sheriff's Department employees: Sheriff L. Paul Bailey; Undersheriff Chuck Heit; Captain Brian Wilkey; and Lieutenants Corey Burks and Edward Kuhl.

The complaint contains several allegations that are only tenuously connected. According to the complaint, "named Defendants . . . expos[ed]" him to other inmates who had COVID-19, hepatitis, and other infectious diseases. (Compl., ECF No. 1, PageID.3.) "Named Defendants" also allegedly failed to provide adequate cleaning supplies since December 17, 2020. (*Id.*) And, although Plaintiff had been approved to use the law library in February 2020, he was denied access in October 2020, which allegedly resulted in him accepting a plea deal. In addition, Cell 2-T lacks a functional panic button. Cell 2-R is overcrowded and, for unspecified reasons, has as many as 17 inmates in the cell for an hour each week. Plaintiff's final allegation asserts that inmates lack access to reading material such as books and religious texts.

For relief, Plaintiff seeks damages and "asks the Court to handle this matter by simply investigat[ing] the Berrien County Administration." (*Id.*, PageID.4.)

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Plaintiff has failed to allege that any particular Defendant engaged in specific conduct. Plaintiff's references to "named Defendants" fail to sufficiently attribute the conduct to any Defendant much less demonstrate that the conduct violated the Constitution. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation.") (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has

4

consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.")).  Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   July 28, 2021                                  /s/ Janet T. Neff
                                                         Janet T. Neff
                                                         United States District Judge